# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIE RAY BOUNDS,**

    Plaintiff,

v.                                                                                             **Case No. 17-CV-1175**

**DEPARTMENT OF HEALTH SERVICES and
QUALITY ASSURANCE,**

    Defendants.

## REPORT AND RECOMMENDATION ON PLAINTIFF'S
## MOTIONS TO PROCEED WITHOUT PREPAYING THE FILING FEE

The plaintiff, Willie Ray Bounds, who is proceeding without the assistance of counsel, filed this action on August 29, 2017, naming the Wisconsin Department of Health Services as defendant. Complaint, ECF No. 1. The Court ordered Mr. Bounds to amend his pleading to, among other things, state "how the events that occurred entitle him to federal relief," ECF No. 5, and on September 14, 2017, Mr. Bounds filed an amended complaint. ECF No. 6. This matter comes before the Court on Mr. Bounds' amended motion for leave to proceed without prepaying the filing fee. ECF No. 8. Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, *see* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the case is reassigned to a district judge for screening. This Court will recommend that the district judge deny Mr. Bounds's motion for leave to proceed without prepayment of the filing fee and that the case be dismissed.

Any court of the United States may authorize a litigant to proceed in an action without prepayment of fees if two conditions are met: (1) the litigant is unable to pay the costs of commencing the action; and (2) the action is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§ 1915(a) and (e)(2).

Mr. Bounds asserts that he is employed and has no dependents. ECF No. 8, at 1. Mr. Bounds indicates that he has no income and total monthly expenses of $1,450.00. *Id*. at 2-4. It is unlikely that Mr. Bounds has no income given that he is employed. In his first motion requesting to proceed without prepayment of the filing fee, Mr. Bounds indicated that his income ranged between $1,400.00 to $2,000.00 per month. ECF No. 2, at 2. In that motion, Mr. Bounds forgot to include some expenses, which he added in his second motion. In his first motion, ECF No. 2, Mr. Bounds stated that he owes over $50,000.00 in student loans. *Id*. at 4. In his second motion, Mr. Bounds indicates that he lives paycheck to paycheck and visits food pantries or relies on his friends to get him food during the month. ECF No. 8, at 4. The Court considered both motions and concludes that Mr. Bounds is unable to pay the fees and costs of commencing this action. Consequently, the Court will proceed to the second step of the inquiry and analyze whether the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous, for purposes of § 1915(e)(2)(B)(i), if "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Thus, the Court may dismiss an action as frivolous if it is based on an "indisputably meritless legal theory" or where the factual contentions are "clearly baseless." *Id.* at 32 (quoting *Neitzke*, 490 U.S. at 327).

The standards for deciding whether to dismiss an action for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). That is, to survive dismissal, the complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint need not contain "detailed factual allegations," a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor." *DeWalt*, 224 F.3d at 612. Moreover, the Court must liberally construe a pro se plaintiff's allegations, no matter how "inartfully pleaded." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Mr. Bounds asserts that the Department of Health Services and Quality Assurance falsely accused him of committing crimes of neglect and abuse of senior citizen residents at two different nursing homes. ECF No. 6. He alleges that the

3

Department of Health Services and Quality Assurance are making these accusations because he is a black Hebrew. *Id*. Mr. Bounds additionally makes allegations in his supplement to the amended complaint that Nancy Kesy made false statements to police officers regarding the injuries of Yakov Shukh, a resident at the Jewish Home where Mr. Bounds worked in January 2017. ECF No. 7.

Even under the liberal pleading standard afforded to pro se litigants, Mr. Bounds's allegations do not yet plausibly state a cognizable federal claim to relief. The Court searched the Wisconsin Court System Circuit Court Access website and could not find record of any pending charges against Mr. Bounds. Wisconsin Court System Circuit Court Access, https://wcca.wicourts.gov/, search for Willie R. Bounds (last visited Oct. 2, 2017). Further, the Court searched Wisconsin's Internet-based Nurse Aide Registry using Mr. Bound's registration number 272374 and found no indication of misconduct associated with Mr. Bounds. Indeed, the website reveals that "[t]his aide has **no substantiated findings** of abuse, neglect or misappropriation of property on the Wisconsin Caregiver Misconduct Registry." (emphasis in original). *See Wisconsin Nurse Aide Registry Verification*, https://www.asisvcs.com/services/registry/Detail_results.asp?license_number=272374&general_prefix=NU&license_prefix=NA&CPCat=0750NURSE (last visited Oct. 2, 2017).[1]

There is thus no indication, either from Mr. Bounds's own pleadings or the Court's independent research, that there has been an adverse action taken against

---

[1] The Court is well aware that independent judicial forays into the thickets of the Internet are rarely advisable, but offers as a justification in this instance the need to construe liberally a pleading filed by a pro se litigant unschooled in the demands of federal practice.

Mr. Bounds. Accordingly, this federal lawsuit appears to have been prematurely filed as there is not yet any live case or controversy that is amendable to judicial relief. Further, if Mr. Bounds intended to make a claim against Ms. Kesy for making false statements about him, the appropriate action would be in state, rather than federal, court.

Accordingly, having determined that the requirements of § 1915(e)(2) are not satisfied, and finding that Mr. Bounds has failed to state a claim upon which relief may be granted, the Court will recommend that the district court deny Mr. Bounds's motion to proceed without prepayment of the filing fee, ECF No. 8. Further, the Court recommends that the district judge dismiss this action in its entirety without prejudice.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the plaintiff's amended motion for leave to proceed without prepayment of the filing fee, ECF No. 8, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED** without prejudice.

Dated at Milwaukee, Wisconsin, this 3rd day of October, 2017.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge
