UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE RAY BOUNDS,

      Plaintiff,

v.                                                  Case No. 17-1175-pp

DEPARTMENT OF HEALTH SERVICES, *et al.*,

      Defendants.

**ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION, ORDERING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT BY DECEMBER 21, 2018 AND REMANDING CASE TO MAGISTRATE JUDGE**

**I.    Background**

On August 29, 2017, the plaintiff, who is representing himself, filed a complaint alleging that the Wisconsin Department of Health and Social Service violated his civil rights by falsely claiming that he neglected and abused some residents at nursing homes. Dkt. No. 1 at 2-3. The clerk's office randomly assigned the case to Magistrate Judge David E. Jones, who screened the plaintiff's complaint. Dkt. No. 5. Judge Jones remarked that "while [the plaintiff's] complaint suggests that he was discriminated against, he does not clearly indicate what happened, or more importantly, how the events that occurred entitle him to federal relief." Id. at 2. Judge Jones ordered the plaintiff to file an amended complaint. Id. The plaintiff did what Judge Jones told him to do, and filed an amended complaint on September 14, 2017, dkt. no. 6, along with a supplement, dkt. no. 7, and a second motion for leave to proceed without prepayment of the filing fee, dkt. no. 8.

1

## II. Report and Recommendation

On October 3, 2017, Judge Jones issued a report and recommendation that this court deny the plaintiff's second motion to proceed without prepayment of the filing fee and that it dismiss his case without prejudice. Dkt. No. 9.

Judge Jones decided that the plaintiff's affidavit showed that he could not afford to pay the filing fee. Id. at 2. He concluded, however, that this court should not allow the plaintiff to proceed without prepaying the filing fee because his complaint was frivolous; Judge Jones felt that the complaint did not state a claim for which a federal court could grant relief. Id. at 4. Judge Jones summarized the plaintiff's allegations this way:

> [The plaintiff] asserts that the Department of Health Services and Quality Assurance falsely accused him of committing crimes of neglect and abuse of senior citizen residents at two different nursing homes. He alleges that the Department of Health Services and Quality Assurance [is] making these allegations because [the plaintiff] is a black Hebrew. [The plaintiff] additionally makes allegations in his supplement to the amended complaint that Nancy Kesy made false statements to police officers regarding the injuries of Yakov Shukh, a resident at the Jewish Home where [the plaintiff] worked in January 2017.

Id. at 3-4 (internal citations to the docket omitted). The recommendation states that Judge Jones searched the Wisconsin Court System's Circuit Court Access website (CCAP) but could not find a record of any pending charges against the plaintiff. Id. He also commented that he had "searched Wisconsin's Internet-based Nurse Aide Registry using [the plaintiff's] registration number 272374 and found no indication of misconduct associated with [the plaintiff]." Id. Judge Jones conceded that it is "rarely advisable" for a judge to go out and

investigate facts for himself on the Internet, but stated that he thought it was necessary in this case because of his obligation to liberally construe the plaintiff's pleadings. Id. at 4, n.1. Finding that neither the plaintiff's pleadings nor the court's independent research revealed that anyone had taken an adverse action against the plaintiff, Judge Jones recommended both that this court deny the plaintiff's motion to proceed without prepayment of the filing fee and that it dismiss the case. Id. at 5.

A week after Judge Jones filed his report and recommendation, the court received a letter from the plaintiff, asking this court to review Judge Jones's recommendation. Dkt. No. 10. This court admits that it did not act on the plaintiff's letter right away—in fact, it has taken the court over a year to review the case. The court apologizes to the plaintiff for this delay; it is entirely the court's fault, due to its busy calendar.

### III. Discussion

Federal Rule of Civil Procedure 72(b) states that when a party files a written objection to a magistrate judge's report and recommendation, the district court "must make a de novo determination only of those portions of the magistrate judge's disposition to which specific written objection is made." Johnson v. Zema Systems, Inc., 170 F.3d 734, 739 (7th Cir. 1999). "De novo" means that the district court judge must start from the beginning, and not defer to the magistrate judge's finding. Here, the plaintiff objected to Judge Jones's decision that he had not suffered any adverse action as a result of the allegedly false allegations.

3

The court cannot adopt Judge Jones's report and recommendation—not because he made any error, but because, as a result of *this* court's delay, it now has more information than did Judge Jones. Judge Jones's recommendation relied, in part, on his internet investigation of the plaintiff's criminal record on CCAP and the Wisconsin Nurse Aide Registry records. He noted that he last accessed the plaintiff's Nurse Aide registry page on October 2, 2017 and that, at that time, the page read "this aide has **no substantiated findings** of abuse, neglect or misappropriation of property on the Wisconsin Caregiving Misconduct Registry." Dkt. No. 9 at 4 (emphasis added). He also relied on his review of CCAP, and noted that at the time he issued his order, he could not find any evidence on CCAP that the plaintiff had faced criminal charges, or had been sued in state court, as a result of the alleged discrimination.

In his October 2017 letter, however, the plaintiff talked about the police conducting an investigation, and assistant district attorneys making decisions about his involvement. Dkt. No. 10. It appears to this court that the plaintiff may have more information about what happened to him as a result of this alleged discrimination than he shared with Judge Jones.

Given the amount of time that has passed and the fact that it appears there may be more information than what the plaintiff has provided, the court is going to give the plaintiff one more opportunity to amend his complaint. The court encourages the plaintiff to do several things in the amended complaint. He should tell the court *when* the false allegations were made against him. He

4

should tell the court exactly who made the allegations—not just "the DHS" or "Quality Assurance," but the names of the people who accused him of neglect and abuse. He should tell the court what jobs these people had. He should explain to the court how these false allegations harmed him. It is not enough that the false allegations may have hurt his feelings or offended him. Was he charged with any crimes? Did he have to spend any time in jail? Did he lose his job? Did he lose his CNA license?

The court will give the plaintiff a date by which to file the second amended complaint. It will remand the case to Judge Jones and ask that he review the second amended complaint, to determine whether it contains the information that was missing from the last complaint.

IV. **Conclusion**

The court **DECLINES TO ADOPT** Judge Jones's Report and Recommendation. Dkt. No. 9. The court **ORDERS** that if the plaintiff wants to proceed with this lawsuit, he must file a second amended complaint by the end of the day on **Friday, December 21, 2018**. He should file the complaint in time for the court to receive it by that deadline. The court **REMANDS** the case to Magistrate Judge David E. Jones for further proceedings.

Dated in Milwaukee, Wisconsin this 19th day of November, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**